## Davis, Agent v. Allen.

(Decided May 29, 1923.)

## Appeal from Knox Circuit Court.

1. Carriers—Necessity for Ventilation During Influenza Epidemic Did Not Lessen Duty to Heat Cars.—The necessity of proper ventilation of public conveyances and stations during the influenza epidemic of 1918 did not lessen the duty of a carrier to keep its waiting rooms and passenger coaches comfortably heated for its passengers.

2. Carriers—Evidence Held to Warrant Finding Passenger Contracted Cold from Exposure.—It is a matter of common knowledge that colds may be easily contracted by one who is chilled in cold waiting rooms or cars, and uncontradicted evidence that plaintiff did contract a cold in that manner is sufficient to sustain a verdict, notwithstanding the argument that plaintiff's disease was influenza, which is a germ disease that cannot be contracted from exposure to cold.

3. Negligence—Jury Cannot Speculate as to Cause of Injury.—When an injury may have resulted from one of two probable causes, one being the negligent act complained of and the other some cause for which defendant is not responsible, the jury will not be permitted to speculate as to cause.

4. Carriers—Failure of Passenger to Seek Warm Room Held Not Contributory Negligence in Law.—The failure of a woman accompanied by her husband and little children to seek a warm room when she discovered the waiting room was cold, which would have required her to cross the tracks and go some distance and might have rendered it impossible for her to cross back ahead of the train when it came, and her failure to seek a warmer coach when the first one she entered was cold, held not contributory negligence as a matter of law.

5. Trial—Instructions on Duty to Minimize Damages Held Unnecessary in View of Instructions Given.—In an action for injuries to a passenger resulting from exposure to cold, it was unnecessary for the court to give instructions on her duty to minimize her damages by seeking a warm room, where the court had already authorized the jury to find for defendant on the ground of contributory negligence if she should have sought a warm room.

6. Witnesses—Evidence as to Age of Plaintiff's Children Held Competent Redirect Examination.—Where plaintiff had testified on cross-examination that one of the reasons she did not seek a warm room on discovering that defendant's waiting room was cold was on account of her children, it was proper redirect examination to state that the children were aged eighteen months and three years respectively.

7. Appeal and Error—Inadvertent Reference to Railroad as Defendant, Instead of Director General, Held Not Reversible Error.—In an action against Director General of Railroads, an inadvertent refer-

ence in the instructions to the railroad company as defendant was not prejudicial error, since it cannot be assumed that the jury would have rendered a larger verdict against a railroad corporation than against the government.

JOHN MARSHALL, JR., and BLACK, BLACK & OWENS for appellant.

J. D. TUGGLE and J. B. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In a suit in the Knox circuit court, Mrs. Bessie Allen recovered a judgment of $700.00 against the Director General of Railroads for personal injuries, and this appeal results.

Her evidence is to the effect that on the 30th day of November, 1918, she and her husband purchased tickets, and with their two small children took passage on a train of the Louisville & Nashville R. R. Co. at Emanuel, a small station in Knox county, *en route* to Pineville. They spent the previous night with plaintiff's brother, who lived about 100 yards from the railroad station and walked over to it, arriving fifteen or twenty minutes before the schedule time for the train, and which they afterward learned was twenty minutes late.

It was a cold winter day, with a stiff wind blowing, but there was no fire in the waiting room. Plaintiff's husband called the attention of the ticket agent to this and requested that a fire be made. The answer of the latter does not appear, but no action was taken.

One passenger left and went to a store to get some change and there awaited the arrival of the train. He suggested this to plaintiff, but the store was across a narrow bridge on the opposite side of the railroad from the platform and at a distance variously estimated at from 100 to 400 feet, and she feared to make the trip with her children.

A short time before the arrival of the train her husband requested the agent to permit her and her children to enter the ticket office and warm by the fire. This request was granted and they remained there until its arrival. This consisted of a colored compartment, smoker and ladies' coach. Plaintiff's party were seated in the latter, but there was no fire and the windows were raised. Her husband lowered the window at their seat and requested

the flagman to start a fire, but this was refused and they were not invited to any other coach or informed that any of the others was 'more comfortable. One witness voluntarily sought warmth in a different coach, but did not see much difference in the two.

The trip from Emanuel to Pineville consumed an hour. During this time and while in the waiting room, plaintiff was shaking and shivering and when she alighted at Pineville was sneezing and suffering from the effects of a cold. This developed into lagrippe and on the third day she was taken to her bed, and thereafter was confined to it in. a helpless condition for a period of six weeks.

Prior thereto she had had a slight heart trouble, but it does not appear that her heart was involved in this sickness. No evidence was introduced by the defendant.

On this appeal it is insisted that a peremptory instruction to find for the defendant should have been given because, (a) this was at the period of the influenza outbreak and appellant's agents were endeavoring to prevent the spread of that disease, and were not negligent; (b) appellee contracted influenza, which is a germ disease, and not caused by exposure, and if negligence existed it was not the proximate cause of her injuries; (c) if negligent it cannot be told with any degree of certainty whether she suffered from influenza, for which he is not responsible or for a cold for which he may be liable, and the jury should not be allowed to speculate upon this question; (d) upon discovering the condition of the waiting room it was appellee's duty to seek a place of warmth and comfort by going to the store, or to her brother's or by asking to enter the ticket office, and while upon the train if the coach was uncomfortable to seek another. That she was under the latter obligation to minimize her damages even if a failure in that respect did not as a matter of law constitute contributory negligence, and it was error not to instruct the jury on this point.

Complaint is also made as to incompetent evidence, refusal to give proper instructions, error in instructions given and excessive verdict. It is true that this occurred during the influenza epidemic of 1918. The history of that period may show that the traveling public and transportation companies united in an effort to secure proper ventilation of public conveyances and stations, but it cannot be urged that the duty upon the part of appellant to keep his waiting rooms and passenger coaches comfortably heated was to any degree relaxed, and that his

agents were negligent in this matter is clearly established.

As to whether there was evidence of a causal connection between this negligence and appellee's injuries is not a difficult question. It is a matter of common knowledge that colds may easily be contracted under conditions such as described, and the uncontradicted evidence shows that she did contract such cold on this journey and that her sickness followed.

The doctrine that when an injury may result from one of two probable causes, one being the negligent act complained of, and the other being some cause for which the defendant is not responsible and that in such a case the jury will not be permitted to speculate as to its verdict is well established. Thomas v. Eminence Distillery Co., 151 Ky. 29; Gayle's Admr. v. L. & N. R. R. Co., 163 Ky. 459.

But there is no evidence whatever that appellee contracted any other character of disease than that claimed by her, and no physician has testified that her symptoms would indicate otherwise, and the suggestion that she did so is of itself conjectural. Hence that doctrine has no application to the facts of this case.

On the question of contributory negligence in not seeking comfortable quarters elsewhere appellee relies on the case of L. & N. v. Cooper, 164 Ky. 489. In that case the plaintiff was walking along a street in Corbin and her progress was impeded by a train at the street intersection. There was a restaurant within fifteen steps of the point she was standing. She remained for ten minutes, then walked down to the corner of the block, returned and stood there fifteen minutes longer, during which time she contracted a cold. There was no reason at all for not entering the restaurant, which was well lighted and warm, and the court held that as a matter of law she was barred of a recovery; but there is no similarity between that case and this. Here a contractual relation existed and appellee had a right to believe that a fire would be made on request. The nearest place of warmth was several hundred feet distant and she and her husband were encumbered with baggage and had the care of two small children. Besides, the store was on the opposite side of the track from the railroad platform, and to have visited it she might have incurred the risk of not being able to reach the platform upon the arrival

of the train. Equally so as to going into another coach upon the train. There was no evidence that any of them was heated or that appellant offered her any other than the seat she had.

We cannot say as a matter of law that she was guilty of contributory negligence.

The court gave a proper instruction as to appellee's duty to exercise ordinary care to seek a place of comfort while at the station awaiting the arrival of the train, and we see no error in the other instructions.

Under the facts of this case there was no place for an instruction on the duty of plaintiff to exercise ordinary care to minimize her damages, as it could have applied only to those events covered by the contributory negligence instruction, which barred all damages for a failure to exercise ordinary care.

The incompetent evidence of which complaint is made is that appellee was permitted to show that her children were aged 18 months and three years respectively. On cross-examination she was questioned closely as to why she did not seek warmth elsewhere than at the railroad station, and one of the reasons she gave was on account of her children, and on re-direct examination was permitted to state their ages. We think this responsive to the questions asked.

The action was originally brought against the Louisville & Nashville R. R. Co. and Director General. At the time of the injury the railroads were under federal control and the court properly dismissed the action as to the Louisville & Nashville R. R. Co. Nevertheless, the court inadvertently used the name of the L. & N. R. R. Co. in its instructions, referring to it as the defendant. In its verdict the jury found for the plaintiff without a reference to the name of the defendant. It is now urged that this was serious error, as the jury would have found a larger verdict against a corporation than it would against the government.

We are not impressed with this suggestion. There is no reason why the jury should have been influenced at all in that way. It is not probable that it was so, nor can we say the verdict is excessive.

Perceiving no error, judgment is affirmed.