## Adkins v. May.

(Decided November 30, 1926.)

### Appeal from Pike Circuit Court.

Physicians and Surgeons—Physician's Alleged False Statement Held Improbable Cause of Increased Suffering, and Submission of Case to Jury Unauthorized.—Since, in malpractice suit for pain and suffering caused by claimed making of false statement that child had been delivered, it was highly probable that plaintiff would have undergone same labor pains had false statement not been made, defendant's motion for peremptory instruction should have been granted.

HARMAN, FRANCIS & HOBSON, J. R. JOHNSON and HUMPHREY, CRAWFORD & MIDDLETON for appellant.

ROSCOE VANOVER and L. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by Mrs. Esta May against Dr. A. W. Adkins for alleged malpractice plaintiff recovered a verdict and judgment for $200.00 and defendant has prayed an appeal.

The petition charges, in substance, that when plaintiff was about to give birth to a stillborn child she employed the defendant to render the necessary medical and professional services, which her case required; that instead of rendering such services he negligently, carelessly and unskillfully and by very gross negligence pretended and represented to her that he did deliver her of said child; that by gross negligence he failed to deliver her of said child and left pretending that said child had

been delivered when in truth and in fact it had not; that by his gross negligence and carelessness in pretending to deliver her of said child he caused her to suffer very great physical and mental pain and suffering, all to her damage in the sum of $3,000.00.

It appears that when appellant was called he came to Mrs. May's home with a trained nurse. He found that Mrs. May had had an incomplete miscarriage, and that there was a considerable hemorrhage. Being unable to remove the remainder of the fetus he packed the womb with gauze in order to stay the hemorrhage and bring on labor pains, telling Mrs. May and those at her bedside to leave the packing there and he would return. The patient and the woman with her claimed that appellant told her that the child was born and that she was all right, while appellant claims that he made no such statement. All the physicians who testified in the case say that the method of treatment adopted by appellant was proper. After appellant left, Mrs. May's labor pains came on sooner than expected and the remainder of the fetus came out. Mrs. May's husband said he would get another doctor. While *en route* for another doctor he met Dr. Adkins, told him of the situation and Dr. Adkins said he would go to Mrs. May's home. Thereupon Mr. May said he was going to get another doctor.

As before stated, there is no evidence that the method of treatment was improper. It is true there was some evidence to the effect that if a physician had been present when the labor pains came on he might have lessened Mrs. May's suffering, but the physicians all agree that in the circumstances it was not improper for appellant to leave for a short period of time to go to his office where he could be readily reached in case of emergency. That being true, appellee's case turns on whether appellant's alleged statement that the child had been born was actionable negligence. As appellant packed the womb for the purpose of bringing on labor pains and causing the fetus to be discharged, it is highly improbable that he stated that the child had been born; but assuming, as we must in view of the evidence, that this statement was made, the question is, was it such negligence as to authorize a recovery? Appellee's insistence is that if she had known that the child had not been born she would have secured the services of another physician; but whether in view of the fact that she already had a physician em-

ployed she would or could have secured the services of another physician in time to lessen her suffering is a matter of pure speculation. In other words, the case is one where it is so highly probable that appellee would have undergone the same labor pains had the alleged false statement not been made, and so highly improbable that the alleged false statement added to or contributed to her suffering in any way as to make the question a matter of guesswork and therefore such as should not have been submitted to the jury. Davis v. Allen, 199 Ky. 442, 251 S. W. 194. It follows that appellant's motion for a peremptory instruction should have been sustained.

Wherefore, the appeal is granted and the judgment reversed and cause remanded for a new trial not inconsistent with this opinion.